[Civil No. 1188.    Filed March 27, 1911.]

[114 Pac. 974.]

## C. V. MEEDEN, Petitioner, v. THE BOARD OF SUPERVISORS OF YUMA COUNTY, Respondent.

STATES—ADMISSION OF TERRITORY—OFFICERS.—County assessors, being county officers, as provided by Revised Statutes of 1901, paragraph 1050, are included in the provision of the enabling act (Act Cong. June 20, 1910, c. 310, 36 Stat. 571), that incumbent county officers shall hold office until issuance of the President's proclamation of statehood.

PETITION for writ of *mandamus* against the Board of Supervisors of Yuma County.   Writ granted.

The facts are stated in the opinion.

PER CURIAM.—This is a petition for *mandamus*, presented to this court by C. V. Meeden, who is the regularly appointed, qualified, and acting assessor of Yuma county, praying for a mandate directing the board of supervisors of that county to furnish to him the map, plat book, and tax receipts, which the statutes provide should be furnished by

the board of supervisors to the tax collectors in the several counties.

This presents to us the question whether the county assessors in the several counties are included among the officers who are continued in office after the expiration of the term for which they had been elected or appointed, by the provisions of the act of Congress of June 20, 1910, known as the "Enabling Act." Section 23 of this act provides: "Until the issuance of said proclamation by the President of the United States, and until the said state is so admitted into the Union, and said officers are elected and qualified under the provisions of the Constitution, the county and territorial officers of said territory, including the delegate in Congress thereof elected in the general election in 1908, shall continue to discharge the duties of their respective offices in and for said territory. . . ." Act June 20, 1910, c. 316, 36 Stat. 571. The county assessor is a county officer, as provided by paragraph 1050, Revised Statutes of 1901, and is, therefore, included among the county officers, who are by the above section of the enabling act continued in office, and directed by it to discharge the duties of their respective offices.

It is contended by the respondent that the provision above cited is only intended to apply to elective officers, and, therefore, does not include the county assessor. An examination of the act, however, satisfies us that it includes, and was intended to include, all the county officers, whether elective or appointive.

Let the writ issue.

KENT, C. J.—I dissent. I do not think the provisions of the act apply, or were intended to apply, to appointive officers.